UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RANDAL KLAPPERICK and
AMY LAWRENCE, his wife

    Plaintiffs,
vs.

ISLAND HOTEL COMPANY, LTD.

    Defendant.
_____/

## COMPLAINT

Plaintiffs, RANDAL KLAPPERICK and AMY LAWRENCE, his wife, sue Defendant, ISLAND HOTEL COMPANY LIMITED, and allege as follows:

### PARTIES, JURISDICTION, VENUE AND GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. At all times material, Plaintiffs, RANDAL KLAPPERICK and AMY LAWRENCE, his wife were and are United States citizens, resident of and domiciled in Nevada.

3. At all times material, Defendant, ISLAND HOTEL COMPANY LIMITED ("ISLAND HOTEL"), was and is a Bahamian company with its place of incorporation and principal place of business located in The Bahamas.

4. At all times material, Defendant, ISLAND HOTEL, was responsible for the control, operations, management, maintenance, upkeep, security and safety of The Atlantis Resort located at Paradise Island in The Bahamas ("the Resort").

5. This Court has jurisdiction over ISLAND HOTEL pursuant to Fla. Stat. § 48.193(1) and §48.193(2) because Defendant has at all relevant times through their agents, officers, distributors

and/or representatives:

    a. Operated, conducted, engaged in or carried on a business or business venture in Florida or had an office or agency in Florida;

    b. Committed tortious acts and omissions in Florida; or

    c. Engaged in substantial and not isolated activities within Florida, whether such activity was wholly interstate, intrastate or otherwise.

6. ISLAND HOTEL engages in substantial and not isolated corporate activity either on its own or through affiliated companies including having reservation and marketing offices in South Florida in furtherance of its resort business. Further, ISLAND HOTEL has affiliated companies that market and sell its vacations to Floridians.

7. ISLAND HOTEL's continuous and systematic and general business contacts within the State of Florida, including marketing and selling vacation stays to Floridians for the subject resort are sufficient to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1).

8. Specifically, ISLAND HOTEL has offices in Plantation, Florida where it conducts reservation and marketing activities in furtherance of its business – operating a vacation resort. Further ISLAND HOTEL has contracts with cruise operators who are headquartered in or doing business in Florida. The subject matter of those contracts is offering cruise guests, including Floridians, resort passes to Atlantis facilities. ISLAND HOTEL markets, books, and sells vacation accommodations to Floridians. ISLAND HOTEL uses ports in Florida for shipping goods to the resort. Upon information and belief ISLAND HOTEL has a shipping agent in Florida who assists in the receipt of goods from foreign countries in furtherance of resort operations. Therefore, because RANDAL KLAPPERICK's incident is related to ISLAND HOTEL's conduct within the State of Florida, this Court has specific jurisdiction over ISLAND HOTEL. *Del Valle v. Trivago*

*GMBH,* 2022 WL 17101160 (11th Cir. 2022). *See also, SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1218 (11th Cir. 2023) (reversing District Court because factual allegations in Complaint were sufficient to allege nexus to Florida.)

9. Venue is proper in this Court pursuant to Florida Statute § 47.051 because ISLAND HOTEL has an agent, representative in Broward County, Florida.

10. On December 10, 2021, Plaintiffs, RANDAL KLAPPERICK and AMY LAWRENCE, his wife, were guests of The Atlantis Resort.

## GENERAL FACTUAL ALLEGATIONS AS TO ALL COUNTS

11. On or about December 10, 2021, Plaintiff, RANDAL KLAPPERICK, despite using reasonable care was severely injured while using the waterslide known as the Leap of Faith at The Atlantis Resort. The Leap of Faith was owned, operated and maintained by The Atlantis Resort. As Plaintiff, RANDAL KLAPPERICK, completed and exited the Leap of Faith, RANDAL KLAPPERICK slipped his feet into the water and severely cut his foot on the bottom of the pool. As a result of the incident, he suffered a ruptured Achilles tendon and permanent pain and discomfort in his left ankle and joints in his left foot, all of which are permanent.

## COUNT I
## NEGLIGENCE AS TO ISLAND HOTEL

12. At all material times, ISLAND HOTEL owed Plaintiffs a duty to maintain the Resort premises in a condition that was safe for all invitees through proper inspections and follow-up and to correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

13. At all material times, ISLAND HOTEL owed Plaintiffs the further duty to warn of dangerous conditions concerning which it had or should have had knowledge greater than that of Plaintiffs.

14. Despite these duties, ISLAND HOTEL failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on its premises and negligently breached its duties in one or more of the following ways:

   a. Failing to install proper warning signs around the area in question warning;

   b. Failing to inspect and maintain area where Plaintiff fell the exercise of which would have revealed a hazardous condition;

   c. Allowing these defective conditions to be created and/or to remain so as to create an extremely dangerous condition for all invitees, all of which was known by ISLAND HOTEL.

   d. Failure to properly train and educate users of the Leap of Faith in its sole operation.

15. ISLAND HOTEL knew or should have known that the slide in question and surrounding area was unreasonably hazardous, if not properly maintained.

   WHEREFORE, Plaintiff, RANDAL KLAPPERICK, demands judgment against ISLAND HOTEL for compensatory damages, interest and costs associated with bringing this action.

## **DAMAGES**

16. Plaintiff, RANDAL KLAPPERICK, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

17. Plaintiff's injuries and related damages were caused by the negligence of Defendant, ISLAND HOTEL.

   WHEREFORE, Plaintiff, RANDAL KLAPPERICK, demands judgment against Defendant, ISLAND HOTEL COMPANY LIMITED for compensatory damages, interest and costs associated with this bringing this action.

## LOSS OF CONSORTIUM

18. At all times material, AMY LAWRENCE, who is the lawful wife of RANDAL KLAPPERICK, has suffered loss of her husband's services, companionship, comfort and society as a direct and proximate result of the acts and omissions of the Defendants.

WHEREFORE, Plaintiffs, RANDAL KLAPPERICK and AMY LAWRENCE, demand judgment against ISLAND HOTEL COMPANY LIMITED for compensatory damages and costs associated with bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

Date: December 9, 2024.

Respectfully submitted,

GARAY LAW
*Counsel for Plaintiff*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Robert L. Parks
    ROBERT L. PARKS
    *Of Counsel*
    Florida Bar No. 61436
    bob@garaylawfirm.com
    lisa@garaylawfirm.com